RYAN, J.,
with whom ERDMANN, J.,
joins (concurring in part and dissenting in part):
I agree with the majority that the procedural posture of this case does not bar us from exercising jurisdiction under Article 67(a)(2), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 867(a)(2) (2006). However, I have a fundamental disagreement with how the majority chooses to interpret the language of Article 120, UCMJ, 10 U.S.C. § 920 (2006), itself.
The new Article 120, UCMJ, is neither a model of clarity nor a model statute. But while I agree that a potentially unconstitutional statute may be construed in such a way that renders it constitutional (if such construction is plausible), United States v. Neal, 68 M.J. at 301-02 (C.A.A.F.2010), this judicial band-aid does not change my point of disagreement with the majority because I do not believe their construction is plausible.
It is axiomatic that the government must prove all the elements of a crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). In my view, given the statute’s definition of the relevant terms, making consent an affirmative defense under Article 120(r), UCMJ, relieves the government of this burden and unconstitutionally requires the defendant to disprove force — at least where an accused is charged with aggravated sexual contact using force (or any other offense under Article 120, UCMJ, alleging the use of force). This Congress may not do.
“Force” and “consent,” as defined by Article 120, UCMJ, are two sides of the same coin. Compare Article 120(t)(5), UCMJ (defining “force” as “action to compel submission of another or to overcome or prevent another’s resistance”), with Article 120(t)(14), UCMJ (defining “consent” as “words or overt acts indicating a freely given agreement to the sexual conduct”). As a matter of logic I would not have thought that anyone would agree that a person can be “forced” to do something the person has consented to or that “consent” can be compelled. The concepts are diametric opposites and, in my view, cannot coexist with respect to the same action — which is the problem with holding that the burden to prove consent in this case is on Appellant.
While it is constitutionally permissible to allocate to a defendant the burden of proving an affirmative defense, this is true only so long as the allocation does not relieve the government of its burden. Martin v. Ohio, 480 U.S. 228, 234, 107 S.Ct. 1098, 94 L.Ed.2d 267 (1987); Patterson v. New York, 432 U.S. 197, 215, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). Merely labeling something an affirmative defense does not automatically give it the qualities necessary to pass constitutional muster. United States v. Clemons, 843 F.2d 741, 752 (3d Cir.1988); 1 Wayne R. LaFave, Substantive Criminal Law § 1.8(c), at 86 (2d ed.2003).
Under Article 120, UCMJ, “aggravated sexual contact” involves engaging in a sexual act by, among other things (and as charged against Appellant), “using force against [another] person.”
The term “force” means action to compel submission of another or to overcome or prevent another’s resistance by—
(A) the use or display of a dangerous weapon or object;
(B) the suggestion of possession of a dangerous weapon or object that is used in a manner to cause another to believe it is a dangerous weapon or object; or
(C) physical violence, strength, power, or restraint applied to another person, sufficient that the other person could not avoid or escape the sexual conduct.
Article 120(t)(5), UCMJ. If charged with this crime, an accused is permitted to raise consent as an affirmative defense. Article 120(r), UCMJ. “The term ‘consent’ means words or overt acts indicating a freely given *306 agreement to the sexual conduct at issue by a competent person.” Article 120(t)(14), UCMJ. The majority lists the elements of aggravated sexual contact set forth in the statute, notes that the word “consent” does not appear as an element, and is satisfied. 68 M.J. at 297-98, 300-01, 301, 304. But the majority fails to reconcile the statutory text as a whole; “force” is more than just a particular type and quantum of physical exertion. But see id. at 301, 304-05. Rather, Congress has defined the term such that it requires a compelling of submission, or an overcoming or preventing of resistance by any of the means listed in Article 120(t)(5)(A)-(C), UCMJ.
Neither compelled submission nor resistance are defined in the statute and therefore must be given their ordinary meanings. To “compel” is “to drive or urge forcefully or irresistibly” or “to cause to do or occur by overwhelming pressure.” Merriam-Webster’s Collegiate Dictionary 253 (11th ed.2008). To “submit” is “to yield oneself to the authority or will of another”; “surrender” is a synonym. Id. at 1244. To “resist” is “to exert force in opposition” or “to exert oneself so as to counteract or defeat.” Id. at 1060. Taken together, these definitions imply an authority, will, or force that is imposed on another and that is in opposition to the true will of the one imposed upon. Given the statute’s focus on submission and resistance, then, evidence of consent presented by the defendant — i.e., evidence of “words or overt acts indicating a freely given agreement to the sexual conduct at issue by a competent person,” Article 120(t)(14), UCMJ — necessarily and directly disproves a required element of the crime.
Article 120(t)(16), UCMJ, defines an “affirmative defense” as “any special defense which, although not denying that the accused committed the objective acts constituting the offense charged, denies, wholly, or partially, criminal responsibility for those acts.” Accord Rule for Courts-Martial (R.C.M.) 916(a); R.C.M. 916(a) Discussion; United States v. Petty, 132 F.3d 373, 378 (7th Cir. 1997). But the defense here is not an ordinary affirmative defense. See Martin, 480 U.S. at 235, 107 S.Ct. 1098 (upholding affirmative defense of “self-defense” in murder prosecution because state courts interpreted elements of murder in way that made it possible for all elements of the crime to coexist with self-defense); Patterson, 432 U.S. at 206-07, 97 S.Ct. 2319 (upholding affirmative defense of “extreme emotional disturbance” in murder prosecution because defense “[did] not serve to negative any facts of the crime which the State is to prove in order to convict”); Farrell v. Czametzky, 566 F.2d 381, 382 (2d Cir.1977) (upholding unloaded-weapon defense in robbery prosecution because “possession of a weapon actually capable of causing death [was] not a necessary ingredient of the offense”). Rather than allowing a defendant to commit the objective elements of the offense but nonetheless escape liability, consent entirely negates an element of aggravated sexual contact using force; there could be no force, as defined in the statute, where the victim assented to the conduct.[1] “[T]he sole significance of the defendants’ evidence concerning the so-called ‘affirmative defense’ [of consent] is to create a reasonable doubt about the existence of an element of the offense,” Humanik v. Beyer, 871 F.2d 432, 440 (3d Cir.1989) — namely, force.
A defendant may not be required to bear the burden of proof on a defense that “ ‘negative[s] guilt by cancelling out the existence of some required element of the crime.’ ” Clemons, 843 F.2d at 752 (quoting 1 Wayne LaFave & Austin Scott, Substantive Criminal Law § 1.8(c), at 71, 75 (1986)). “Such shifting of the burden of persuasion with respect to a fact which the State deems so important that it must be either proved or presumed is impermissible under the Due Process Clause.” Patterson, 432 U.S. at 215, 97 S.Ct. 2319.
Burden allocation is of fundamental importance: “[W]here one party has at stake an interest of transcending value — as a criminal defendant his liberty — th[e] margin of error *307 is reduced as to him by the process of placing on the [government] the burden ... of persuading the factfinder ... of his guilt beyond a reasonable doubt.” Speiser v. Randall, 357 U.S. 513, 525-26, 78 S.Ct. 1332, 2 L.Ed.2d 1460 (1958). But “where the defendant is required to prove [or disprove a] critical fact in dispute” in a criminal proceeding, “the likelihood of an erroneous ... conviction,” increases. Mullaney v. Wilbur, 421 U.S. 684, 701, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). This is why the Supreme Court has reaffirmed the reasonable-doubt standard time and again and why courts must remain vigilant in upholding the standard against legislative schemes that require deféndants to persuade the factfinder as to the elements of a crime. See Martin, 480 U.S. at 233-34, 107 S.Ct. 1098; Patterson, 432 U.S. at 207, 210, 97 S.Ct. 2319; Mullaney, 421 U.S. at 701, 95 S.Ct. 1881.
Article 120, UCMJ, unconstitutionally burdens the defendant with disproving an element of the government’s case. I respectfully dissent.

. This does not encompass situations where the victim may give some indication of assent but cannot legally "consent” under the provisions of Article 120(t)(14), UCMJ.